**Darrel M. MAYMON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

**No. 48A02–0611–PC–1060.**

Court of Appeals of Indiana.

Oct. 24, 2007.

---

Susan K. Carpenter, Public Defender of Indiana, James T. Acklin, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION ON REHEARING

KIRSCH, Judge.

Darrel M. Maymon was convicted of two counts of Class A felony burglary[1] and two counts of Class B felony burglary[2] after a joint jury trial on all four counts. After also being adjudged an habitual offender, he was sentenced for each conviction. On direct appeal, this court affirmed Maymon's convictions and sentences in a memorandum decision issued on July 8, 2003. *Maymon v. State*, 792 N.E.2d 101 (Ind.Ct.App., 2003). Maymon filed a petition for post-conviction relief on October 31, 2003, alleging ineffective assistance of his trial counsel for failure to seek a severance of the four burglary charges. His petition was denied by the post-conviction court on October 8, 2006, and on appeal of that denial, we concluded that Maymon's trial counsel was deficient for not seeking a severance of the charges. *Maymon v. State*, 870 N.E.2d 523, 529 (Ind.Ct.App. 2007). We also determined that Maymon was prejudiced by this deficient performance because, if the charges would have been severed, the evidence of the two burglaries where theft occurred would not have been admissible as evidence of intent in the trials for the two burglaries where theft did not occur. *Id.* We therefore allowed Maymon's convictions for the two Class B felony burglaries, which were the burglaries where theft actually occurred, to stand and reversed his two convictions for Class A felony burglary, which were the burglaries where theft did not occur. *Id.* We remanded to the trial court to instead enter two convictions for residential entry and to sentence Maymon accordingly. *Id.*

The State now files a petition for rehearing, alleging that this was the inappropriate remedy and that the appropriate remedy would have been to remand for a retrial on the two burglary counts where theft did not occur. Maymon agrees that the appropriate remedy would be to vacate the two convictions for Class A felony burglary and to remand for retrial on those two counts. In prior cases where it has been concluded that severance of charges should have occurred, this court has remanded the case to the trial court for retrial. *Gray v. State*, 841 N.E.2d 1210, 1220 (Ind.

---

**1.** *See* IC 35–43–2–1(2).

**2.** *See* IC 35–43–2–1(1).

Ct.App.2006) (case remanded for retrial where ineffective assistance of appellate counsel found because of failure to raise issue of denial of motion to sever charges on appeal); *Goodman v. State*, 708 N.E.2d 901, 903 (Ind.Ct.App.1999) (case remanded for retrial where it was concluded that trial court lacked discretion to deny defendant's motion for severance of charges).

We agree that the proper remedy would be to remand to the trial court for retrial of the two burglary counts where theft did not occur. We grant rehearing and vacate our previous order to enter convictions for residential entry on these two convictions and to sentence Maymon accordingly. Instead, we reverse Maymon's two convictions for Class A felony burglary and remand for retrial on those two counts. We reaffirm our original holding in all other respects.

DARDEN, J., and MATHIAS, J., concur.